UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BOBBIE GENE CRAY,

               Plaintiff,

v.                                                   **ORDER**
                                                       05-CV-794S

DEPARTMENT OF THE ARMY
(Board for Correction of Military Records),

               Defendant.

1. Plaintiff, acting *pro se*, commenced the above-captioned case on November 4, 2005, by filing a Complaint in the United States District Court for the Western District of New York. Plaintiff's Motion to Proceed *in Forma Pauperis* was granted on December 12, 2005.

2. Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and Rule 8(a) of the Federal Rules of Civil Procedure on March 29, 2006.

3. On April 6, 2006, this Court filed an Order directing Plaintiff to respond to Defendant's motion on or before May 5, 2006. Plaintiff filed a Motion to Appoint Counsel on April 7, 2006.[1]

4. It is well settled that unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel. Castro v. Manhattan East Suite Hotel, 279 F. Supp. 2d 356, 357 (S.D.N.Y. 2003). However, a court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e). See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). The appointment of counsel must be considered carefully because "every assignment to a volunteer lawyer to

---

[1] Before this Court resolved his first Motion to Appoint Counsel, Plaintiff filed a second motion seeking the same relief on May 5, 2006. (Docket No. 10).

an undeserving client deprives a society of a volunteer lawyer available for a deserving cause." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Accordingly, "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [the plaintiff's] chances of prevailing are therefore poor." Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

According to the Court of Appeals for the Second Circuit,  a district court may consider the following factors in deciding whether to exercise its discretion to appoint counsel:

(1)  whether the indigent's position seems likely to be of substance;
(2)  the indigent's ability to investigate the crucial facts;
(3)  whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
(4)  the indigent's ability to present the case;
(5)  the complexity of the legal issues; and
(6)  any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir.1986)).

This Court has reviewed Plaintiff's Motion to Appoint Counsel in light of the factors set forth in Hendricks and Hodge.  In support of his request for counsel, Plaintiff states that "no one would take [his] case."  (Plaintiff's Mot, ¶ 3(a)).  Based on its review, this Court finds that there is insufficient information to determine if counsel should be appointed in this case.  Plaintiff's request for appointment of counsel is therefore denied.  It is Plaintiff's responsibility to retain an attorney or press forward with this lawsuit on his own.  See 28 U.S.C. § 1654.

5. Plaintiff will be granted a brief adjournment of the deadline to file a response to Defendant's Motion to Dismiss.

6. For the foregoing reasons,

IT HEREBY IS ORDERED that Plaintiff's Motions for Appointment of Counsel (Docket Nos. 9 & 10) are DENIED.

FURTHER, that Plaintiff shall file with the Clerk of the Court and serve a Response to Defendant's Motion by Friday, May 26, 2006.

FURTHER, that Defendant shall file with the Clerk of the Court and serve any reply thereto on or before Friday, June 9, 2006.

FURTHER, that oral argument on Defendant's motion shall be scheduled by this Court as necessary.

FURTHER, that Plaintiff's failure to file his response as directed will result in this Court granting Defendant's motion as uncontested.

SO ORDERED.

Dated: May 8, 2006
       Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge